IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM EPP, | ) | 8:18CV418 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| SCOTT FRAKES, BRAD HANSEN, | ) | |
| DIANE SABATKA-RINE, SCOTT | ) | |
| BUSBOOM, DOUG PETERSON, | ) | |
| CHUCK GLEN, MICHAEL | ) | |
| KENNEY, and BRIAN GAGE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, William Epp, an inmate at the Tecumseh State Correctional Center ("TSCI"), filed his Complaint (Filing 1) on September 6, 2018. Plaintiff was granted leave to proceed in forma pauperis on October 2, 2018 (Filing 7), and paid an initial partial filing fee on October 30, 2018. The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. SUMMARY OF COMPLAINT

Plaintiff's Complaint contains two claims: (1) a First Amendment freedom of religion claim alleged against six Nebraska Department of Corrections officials, in which Plaintiff asserts that Defendants have interfered with his ability to practice Buddhism by suspending his special diet on several occasions and not permitting him order food from outside sources; and (2) an Equal Protection claim alleged against the Nebraska Attorney General, in which Plaintiff challenges the constitutionality of a Nebraska statute that does not allow prisoners to be transported across county lines to provide trial testimony. Substantially similar claims were previously asserted by

Plaintiff in an amended complaint that was filed in Case No. 4:16CV3176. In that case, the second claim was dismissed without prejudice on initial review because of a misjoinder of parties defendant, and the first claim subsequently was dismissed without prejudice on a motion for summary judgment which established that Plaintiff had failed to exhaust his administrative remedies.

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION OF CLAIMS

While a plaintiff may join in one action as many claims as he has against a single defendant, *see* Fed. R. Civ. P. 18(a), "in actions where more than one defendant is named, such as the one at bar, the analysis under Rule 20 precedes that under Rule 18." *Houston v. Shoemaker*, No. 2:16-CV-36-CDP, 2017 WL 35699, at *2 (E.D. Mo. Jan. 4, 2017). Rule 20 provides in part: "Persons ... may be joined in one action as defendants if ... any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and ... any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Thus, "[d]espite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence[1] and presents questions of law or fact common to all." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1655 (3d ed.). That situation does not exist in this case.

The two claims set out in Plaintiff's Complaint are alleged against completely different Defendants and involve totally unrelated events. Rule 20 does not permit these claims to be joined in a single action.

"Although pro se litigants are held to less stringent standards than represented parties, they must still comply with the procedural or substantive rules of the court. Requiring pro se prisoners to adhere to the federal rules regarding joinder of parties

---

[1] All "logically related" events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. *Mosley v. General Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974); *see* 7 Charles A. Wright et al., *Federal Practice and Procedure,* § 1653, at 415 (3d ed.) (explaining that the transaction/occurrence requirement prescribed by Rule 20(a) is not a rigid test and is meant to be "read as broadly as possible whenever doing so is likely to promote judicial economy.").

and claims prevents 'the sort of morass [a multiple claim, multiple defendant] suit produce[s], avoids confusion, ensures that prisoners pay the required filing fees, and prevents prisoners from circumventing the PLRA's three strikes rule." *Evans v. Deacon*, No. 3:11-CV-00272-ST, 2016 WL 591758, at *7 (D. Or. Feb. 12, 2016) (quoting *George v. Smith*, 507 F3d 605, 607 (9th Cir 2007)) (citations omitted).[2] Unrelated claims involving different defendants belong in different suits. *George*, 507 F.3d at 607 (holding that state prisoner's § 1983 action asserting 50 claims against 24 defendants should have been brought as separate actions, since defendants did not participate in the same transaction or series of transactions, and question of fact was not common to all defendants).

"Misjoinder of parties is not a ground for dismissing an action," but the court on its own may "drop a party" or "sever any claim against a party" in order to eliminate the misjoinder. Fed. R. Civ. P. 21. Rather than dropping parties or severing claims on its own at this time, the court will give Plaintiff an opportunity to file an Amended Complaint that complies with Rule 20(a)(2). Plaintiff is warned that upon screening the Amended Complaint, the court will consider whether unrelated claims should be severed. If Plaintiff's Amended Complaint sets forth unrelated claims, and the court decides severance is appropriate, **Plaintiff will be required to prosecute unrelated claims in separate actions and he will be required to pay a separate filing fee for each separate action**.

---

[2] Under provisions of the Prison Litigation Reform Act ("PLRA"), a prisoner may not commence a civil action without prepayment of the filing fee in some form. *See* 28 U.S.C. § 1915(b)(1). These "new fee provisions of the PLRA were designed to deter frivolous prisoner litigation by making all prisoner litigants feel the deterrent effect created by liability for filing fees." *Williams v. Roberts*, 116 F. 3d 1126, 1127-28 (5th Cir. 1997). The PLRA also contains a "three-strikes" provision requiring the collection of the entire filing fee after the dismissal for frivolousness, etc., of three actions or appeals brought by a prisoner proceeding in forma pauperis, unless the statutory exception is satisfied. 28 U.S.C. § 1915(g). The "three strikes" provision was also an attempt by Congress to curb frivolous prisoner litigation. *See Wilson v. Yaklich*, 148 F. 3d 596, 603 (6th Cir. 1998).

## IV. CONCLUSION

Because the claims alleged in Plaintiff's Complaint are improperly joined, the court will allow Plaintiff to select which claim he wants to pursue in this action by filing an Amended Complaint, which will then be subject to initial review under 28 U.S.C. §§ 1915(e)(2) and 1915A. If Plaintiff so desires, he can file a separate action and pay a separate filing fee to pursue the other claim.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days from the date of this Memorandum and Order to file an Amended Complaint. **Failure to file an Amended Complaint within 30 days will result in the court dismissing the case without further notice to Plaintiff**.

2. The clerk of the court is directed to set the following pro se case management deadline in this case: December 5, 2018: check for amended complaint.

DATED this 5th day of November, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge